UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO D. TYSON | CIVIL ACTION |
| VERSUS | NO. 10-1174 |
| JAMES LEBLANC ET AL. | SECTION "C" (2) |

## ORDER ON MOTIONS

APPEARANCES: None (on the briefs)

MOTIONS:
(1) Plaintiff's Motion to Amend Spears Hearing, Record Doc. No. 42
(2) Plaintiff's Motion for Appointment of Expert Witnesses, Record Doc. No. 43
(3) Plaintiff's Motion to Appoint Counsel, Record Doc. No. 44
(4) Plaintiff's Request for Reconsideration, Record Doc. No. 48

O R D E R E D:

(1): GRANTED IN PART AND DENIED IN PART. Plaintiff's written submissions, Record Doc. No. 45, indicate that his First Amendment and conditions of confinement claims include allegations that he was not provided with religious services and that he was housed with mentally ill patients, allegations about which he did not testify in detail during the Spears hearing. These allegations will be considered by the court in the planned further proceedings as part of plaintiff's overall claims.

Insofar as the motion seeks a discovery order, the motion appears to refer to Record Doc. Nos. 7, 8, 10, 13, 14 and 16, which discovery was previously deemed premature by the court. Record Doc. No. 23. The motion is denied insofar as it seeks answers to the interrogatories included in Record Doc. Nos. 8, 10 and 14, which exceed the limit imposed by Fed. R. Civ. P. 33(a)(1). Weighing the factors in Fed. R. Civ. P. 26(b)(2), I find that these interrogatories are excessive.

The motion is granted in part as to the requests for production set out in Record Doc. No. 7, and the requests for admissions set out in Record Doc. Nos. 13 and 16, but only as follows: Some of what plaintiff requests appears relevant and discoverable in connection with the anticipated motion; for example, the requests relating to prison regulations or written policies, if any, concerning inmate access to courts, mail rights and

access to publications applicable to the specific time period and prison facility (Rayburn) involved in this suit. On the other hand, much of what is requested appears objectionable and beyond the scope of discovery. Accordingly, **IT IS ORDERED** that defendants must file and serve their Rule 34(b)(2) and Rule 36(a)(4) and (5) written responses and/or objections to plaintiff's requests for production, Record Doc. No. 7, and requests for admissions, Record Doc. Nos. 13 and 16, and provide plaintiff with copies of any responsive materials as to which they have no objection, no later than **August 6, 2010**.

**IT IS FURTHER ORDERED** that, to accommodate discovery relevant to the anticipated motion for summary judgment and the need to address the additional claims plaintiff has specified in his written submissions, my previous order dated June 24, 2010 is amended as follows: The deadline by which defendants must file their motion for summary judgment is extended to **August 27, 2010**. The deadline by which plaintiff must file his written response to defendants' motion for summary judgment is extended to **September 10, 2010**.

**IT IS FURTHER ORDERED** that no further amendments to pleadings, including plaintiff's complaint, will be permitted, except upon motion for good cause shown. Fed. R. Civ. P. 16(b)(4).

 (2) : DENIED. The court finds no need for the appointment of expert witnesses at this time.

 (3) : DENIED. Plaintiff has filed a third motion for appointment of counsel to represent him in this matter. Record Doc. Nos. 11, 18 and 44. As set out in the court's previous order, Record Doc. No. 22, "[a] district court should appoint counsel in a civil rights case only if presented with exceptional circumstances." Norton v. E.U. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997). Having also considered the factors suggested in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), **IT IS ORDERED** that plaintiff's motion for appointment of counsel is again DENIED. I find that the case is not complex. Plaintiff's testimony during the Spears hearing of June 24, 2010 was sufficient to explain it, and plaintiff has proved himself capable of adequately presenting it, both in his testimony and his written submissions to date. As a direct participant in the events that allegedly formed the basis of his complaint, he has been in a position adequate to investigate the case. It appears that the evidence that may be presented is simple and will require no particular skill in its presentation. The substance of the case as detailed in plaintiff's voluminous written submissions and in his explanatory testimony do not merit the appointment of counsel.

(4) : GRANTED.  The court will consider briefing in connection with the previously scheduled summary judgment motion with citation to <u>any</u> authorities or legal standard the parties deem appropriate, including <u>but</u> <u>not</u> <u>limited</u> <u>to</u> the <u>Turner</u> and <u>Lewis</u> standards.

New Orleans, Louisiana, this ___21st___ day of July, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE